J-A05034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FJW INVESTMENT, INC., D/B/A BATH FITTER OF PITTSBURGH | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1041 WDA 2018 |
| LUXURY BATH OF PITTSBURGH, INC., BARRY ERENRICH, KENNETH KAYSER, RICHARD GALLAGHER, BRYAN MYERS, MARK PINTEA, RB PRO, INC., D/B/A RE-BATH, JO ANN YOCHUM, AND CHRISTINE DUMM | : | |

Appeal from the Order Entered June 28, 2018
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD 12-009789

BEFORE:  GANTMAN, P.J.E., SHOGAN, J., and MURRAY, J.

CONCURRING STATEMENT BY SHOGAN, J.:          **FILED APRIL 23, 2019**

I join my esteemed colleagues in the Majority but write separately to note the inherent tension in Pennsylvania jurisprudence between the need to prove actual damages in defamation cases and the heightened protection given to reputation pursuant to our state Constitution.  ***See*** Pa. Const. art I, § 1 ("All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and **reputation**, and of pursuing their own happiness.") (emphasis added); ***see also American Future Systems, Inc. v. Better Business Bureau of Eastern***

*Pennsylvania*, 923 A.2d 389, 395 (Pa. 2007) ("reputational interests occupy an elevated position within our state Constitution's system of safeguards") (footnote omitted).

Consistent with this position, our Supreme Court has explained that awards of presumed and punitive damages are not prohibited in all defamation cases.

> As to presumed and punitive damages, although the [*Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974)] Court made it clear that the First Amendment prohibits awards of presumed and punitive damages for defamatory statements where private plaintiffs show less than actual malice, the Court left open the question of whether presumed or punitive damages are constitutional when the plaintiff proves actual malice in such cases.

*Joseph v. Scranton Times, L.P.*, 129 A.3d 404, 430 (Pa. 2015). The *Joseph* Court concluded that:

> we . . . find no specific directive from the U.S. Supreme Court to cause us to abandon the long standing practice in this jurisdiction of allowing punitive, as well as presumed, damages in appropriate cases. Thus, . . . , we reject [the argument] to the contrary and permit private plaintiffs in libel cases involving media defendants to recover presumed and punitive damages upon their satisfaction of the [*New York Times Co. v. Sullivan*, 376 U.S. 254 (1964)] actual malice test.[ ]

*Id.* at 432.

Of further elucidation is our Supreme Court's comments regarding this Court's decision in *Walker v. Grand Cent. Sanitation, Inc.*, 634 A.2d 237 (Pa. Super. 1993), which the Majority relies upon in its statement of the law:

> To the extent the [defendants] and their Amici argue the Superior Court's decision in *Walker*, *supra* establishes the controlling

- 2 -

precedent as to the availability of presumed damages upon a plaintiff's showing of actual malice, we disagree. This Court is not bound by the Superior Court's decisions. ***Stone Crushed Partnership v. Kassab Archbold Jackson & O'Brien,*** 589 Pa. 296, 306, 908 A.2d 875, 881 (2006). Moreover, while ***Walker*** suggested that a plaintiff in a defamation *per se* action must prove actual harm in order to recover compensatory damages, ***Walker*** left open the question of whether a plaintiff may recover for presumed damages upon a showing of actual malice. ***See Franklin Prescriptions, Inc.*** [***v. New York Times Co.***], 424 F.3d [336,] 342 [(3d Cir. 2005)](discussing ***Walker***).

***Joseph***, 129 A.3d at 432 n.13. Accordingly, there may be defamation *per se* actions where a plaintiff may recover presumed damages, and proof of actual harm is not required. However, my review of the record reveals this is not such a case.